UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN DIETRICH, LINDA BROWN,
ELIZABETH RAMON and RITA SETTLE,

    Plaintiffs,

v.                                                                                    Case No:   6:18-cv-225-Orl-37TBS

JUDITHANN HAGNER,

    Defendant.

### REPORT AND RECOMMENDATION

Pending before the Court is pro se Defendant Judithann Hagner's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3). Because I find that the Court does not have jurisdiction, I respectfully recommend that the case be **REMANDED** and that Defendant's motion be **DENIED**.

### Background

Plaintiffs Susan Dietrich, Linda Brown, Elizabeth Ramon and Rita Settle filed this case in the Circuit Court of the Eighteenth Judicial Circuit in and for Seminole County, Florida on July 28, 2017 (Doc. 2). They allege that they are employees of the Clerk of the Circuit Court of Seminole County, Florida where Defendant has filed multiple lawsuits, all of which have been dismissed with prejudice and affirmed on two appeals (Id., ¶¶ 3-4). Plaintiffs aver that Defendant's claims result from the suspension of her Florida identification card(s) based upon her failure to pay fines associated with a criminal infraction (Id., ¶ 6). Plaintiffs seeks injunctive relief to preclude Defendant from filing any more pro se lawsuits arising out of the same operative facts that have already been adjudicated in prior state court cases (Id., at 3).

On February 13, 2018, Defendant removed the case to this Court (Doc. 1). Her notice of removal is rambling and in places, incoherent (Doc. 1). Defendant alleges in conclusory fashion that Plaintiffs and their lawyer are wrong and have filed a frivolous lawsuit against her (Id., at 1). She states that the complaint violates the Fourth and Sixth Amendments to the Constitution, and that she has been denied due process, a fair and impartial hearing, and the right to counsel (Id.).

Defendant alleges that Plaintiffs are corrupt, and have something to do with the illegal suspension of her personal privileges, and the failure to pay her money, all in violation of the "CONSUMER CREDIT FAIR DEBT COLLECTION PRACTICES ACT 15USC 1692K VIOLATIONS, 690 OTHER ACTIONS BASED ON ACTS OR BILLS, 375 FLASE CLAIMS ACT, ACTIONS FILED ALLEDGING FRAUD 31USC3729." (Id., at 2).

Next, Defendant asserts that Plaintiffs' counsel is the cause of negligence including mixing up unidentified documents and files (Id.). She references "two extortion letters from clerks," and appears to claim that whatever debt she owed was paid in full (Id.). Defendant continues, relating a conversation with Circuit Judge Lester's judicial assistant confirming payment (Id., at 3).

Then, Defendant states that Plaintiffs "illegally suspended identification numbers from photo cards fl of [Defendant]." (Id., at 3). This is followed by allegations that Plaintiffs and their lawyer have "continued to cause double jeopardy blackmail, extortion, threatened [Defendant]." (Id.). Notwithstanding some of her earlier claims, Defendant then appears to allege that she has never had a vehicle, a driver's license, or a traffic violation of any kind (Id.). She concludes with a claim that Plaintiffs have violated non-existent FLA. STAT. § 769.625, and that they, along with their lawyer, owe her a total of $155,550 (Id., at 4). Defendant seeks leave to proceed *in forma pauperis* (Doc. 3).

## Discussion

Federal court removal is governed by 28 U.S.C. § 1441(a), which states that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending."

Procedurally, removal is governed by Title 28 U.S.C. § 1446, as amended by the Federal Courts Jurisdiction and Venue Clarification Act of 2011 which provides:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(1).

> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C.§ 1446 (b)(3).

Defendant failed to file the complete state court record with her notice of removal. Consequently, I am unable to determine whether this case was timely removed.[1]

Removal statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Burns v. Windsor

---

[1] I note, however, that Defendant has filed what appear to be pleadings which indicate that she was served with the complaint in August, 2017. See, e.g., Doc. 1-3 at 2. If this is accurate, removal is not timely.

- 3 -

Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("[R]emoval statutes are construed narrowly; when the parties dispute jurisdiction, uncertainties are resolved in favor of remand."). See also Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 411 (11th Cir. 1999) ("[A]ll doubts about jurisdiction should be resolved in favor of remand to state court."). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. Williams v. Best Buy Company, Inc., 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. Williams, 269 F.3d at 1321.

Removal jurisdiction is determined "based on the plaintiff's pleadings at the time of removal." Crowe v. Coleman, 113 F.3d 1536, 1538 (11th Cir.1997). "[A] defendant may not remove a case to federal court unless the *plaintiff's* complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 10-11 (1983) (emphasis original). No federal question appears on the face of Plaintiffs' state court complaint.

In sum, there is no basis for removal of the state court action to this Court, and Defendant's purported removal is frivolous as a matter of law.

### Recommendation

Upon consideration of the foregoing, I **respectfully recommend** that Defendant's motion be **denied** for lack of jurisdiction, and that this case be **remanded** for improvident removal.

### Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1.

      **DONE** and **ORDERED** in Orlando, Florida on February 15, 2018.

                                          THOMAS B. SMITH
                                          United States Magistrate Judge

Copies furnished to:

      Counsel of Record
      Unrepresented Parties