UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SUSAN DIETRICH; LINDA BROWN;
ELIZABETH RAMON; and RITA
SETTLE,

    Plaintiffs,

v.                                                           Case No. 6:18-cv-225-Orl-37TBS

JUDITHANN HAGNER,

    Defendant.

**ORDER**

Before the Court is U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation. (Doc. 5 ("**R&R**").) Defendant objected to the R&R (Doc. 6 ("**Objection**")), to which Plaintiffs did not respond. For the following reasons, the Objection is overruled and the R&R is adopted.

        **I.**     **Background**

Plaintiffs—employees of the Clerk of Court of Seminole County, Florida—initiated this action in state court, alleging that Defendant continues to file frivolous lawsuits concerning the suspension of her Florida identification card. (*See* Doc. 2.) Thereafter, Defendant—proceeding *pro se*—filed a shambolic notice of removal purporting to invoke the Court's federal question jurisdiction by accusing Plaintiffs of corruption and making offhand references to constitutional amendments and a non-existent Florida statute. (Doc. 1 ("**Notice**").)

In addition, Plaintiff moved to proceed in forma pauperis (Doc. 3 ("**IFP Motion**").) On referral, Magistrate Judge Smith recommends that the Court deny the IFP Motion, as the Court lacks jurisdiction and remand the case for improvident removal. (Doc. 5.) After Magistrate Judge Smith issued his R&R, Plaintiff objected (Doc. 6) and filed a Motion to Sign Order to Enforce Judgment (Doc. 8 ("**Motion to Enforce Judgment**")).

## II.    LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues based on the record independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

## III.    ANALYSIS

Although lacking in clarity, the Objection appears to rest on the argument that Defendant has properly invoked the Court's federal question jurisdiction by purporting to raise claims that arise under the U.S. Constitution.[1] (*See* Doc. 6, pp. 1–5.) The obvious flaw in such an argument is that the wrongs she allegedly suffered are irrelevant. So her

---

[1] Defendant does not attempt to invoke the Court's alternative basis for subject matter jurisdiction—diversity jurisdiction. (*See* Doc. 1). Any attempt to do so would be futile, as all parties appear to be citizens of the State of Florida. (*See* Doc. 2, ¶¶ 2, 3, 6.)

allegations, which are completely untethered to the Complaint, have no place in the Court's removal analysis.

As Magistrate Judge Smith points out, where a defendant removes on the basis of federal question jurisdiction, "the *plaintiff's* complaint [must establish] that the case 'arises under' federal law." (Doc. 5, p. 4 (quoting *Franchise Tax Bd. V. Constr. Laborers Vacation Trust*, 463 U.S. 1, 10–11 (1983).) No federal question appears on the face of Plaintiffs' Complaint. (*See* Doc. 2.) Absent a federal question, Defendant lacked any objectively reasonable basis to remove this action. Consequently, the Court lacks jurisdiction. So the Objection is due to be overruled, the IFP Motion is due to be denied, and this case is due to be remanded. *See* 28 U.S.C. § 1447(c). Because the Court lacks jurisdiction, it may not adjudicate Plaintiff's request in the Motion to Enforce Judgment, so this too is due to be denied.

### IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Objection to Report and Recommendation (Doc. 6) is **OVERRULED**.

2. U.S. Magistrate Judge Thomas B. Smith's Report and Recommendation (Doc. 5) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

3. Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is **DENIED** for lack of jurisdiction.

4. Plaintiff's Motion to Sign Order to Enforce Judgment (Doc. 8) is **DENIED** for lack of jurisdiction.

5. This case is **REMANDED** to the Circuit Court of the Eighteenth Judicial Circuit, in and for Seminole County Florida.

6. The Clerk is **DIRECTED** to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on March 13, 2018.



ROY B. DALTON JR.
United States District Judge

Copies to:

*Pro se* party
Counsel of Record
The Circuit Court of the Eighteenth Judicial Circuit,
in and for Seminole County Florida.